UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN FREDERICK FORDLEY,<br><br>Plaintiff,<br><br>v.<br><br>JOE LIZARRAGA, et al.,<br><br>Defendants. | No. 2:16-cv-1387-JAM-EFB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding without counsel this action brought pursuant to 42 U.S.C. § 1983. He has filed a motion requesting an extension of time and a temporary restraining order. ECF No. 43. He has also filed two discovery requests with the court. ECF Nos. 49, 50.

**I.     Background**

Plaintiff, who is incarcerated at R.J Donovan Correctional Facility, filed this action on August 22, 2016, alleging Eighth Amendment claims against defendant correctional officers at Mule Creek State Prison ("MCSP"). ECF No. 1. He seeks money damages and an order that he be transferred out of MCSP, among other injunctive relief. *Id.* at 15-16.

The court issued a discovery and scheduling order on October 11, 2017. ECF No. 38. That order required that all discovery requests made under Federal Rules of Civil Procedure 31, 33, 34, and 36 be made by December 15, 2017. *Id.*

/////

1

On November 7, 2017, defendants filed a motion for summary judgment on the basis of failure to exhaust administrative remedies. ECF No. 42. Plaintiff responded with a motion for extension of time and temporary restraining order, which defendants have responded to pursuant to the court' request. ECF Nos. 44, 52. Plaintiff filed an opposition to the motion for summary judgment on December 14, 2017. ECF No. 45. Defendants replied on December 20, 2017. ECF No. 47.

## II.  The Motion for Extension of Time

Plaintiff states that he is not mentally stable and has recently made a number of suicide attempts. ECF No. 43 at 1-3. He appends a document indicating that he was evaluated for suicide risk five times between August 17, 2017 and September 7, 2017 and received treatment at a Mental Health Crisis Bed at Pelican Bay State Prison from August 31, 2017 through September 6, 2017. *Id.* at 5. He says that defendants, correctional staff at MCSP, constantly harass him, don't feed him, encourage him to cut himself, and otherwise retaliate against him because of his lawsuits against him. *Id.* at 1-2. He claims he is not mentally stable, can do nothing in his current mental state, and requires an indefinite extension of time in this case and Case No. 2:16-cv-01985-MCE-EFB until he regains mental stability. *Id.* at 2. This request is, in essence, for an indefinite stay of the two cases.

On December 27, 2017, defense counsel filed a responsive declaration. ECF No. 52. He avers that he spoke to Supervising Psychiatrist Andres regarding plaintiff's claims of repeated suicide attempts while housed at MCSP. *Id.* at 2. Andres told defense counsel that, "after a review of Plaintiff's mental health records, she could determine that Plaintiff has repeatedly engaged in self-harming behavior in an attempt to manipulate his housing assignment. Plaintiff has also repeatedly stated that he is not attempting to kill himself, but that he wants to force CDCR to transfer him away from MCSP." *Id.*

Plaintiff has, in fact, been transferred to R.J. Donovan Correctional Facility. *Id.* He will be transferred temporarily to MCSP's administrative segregation unit in February 2018, however, so that he can appear in court in connection with a case pending in Amador County Superior Court. *Id.*

2

Defense counsel also informs the court that plaintiff engaged in a hunger strike at the end of November and beginning of December 2017, missing at least eight meals. *Id.* at 2, 4-7.

Since filing the motion for stay, plaintiff has filed his opposition to defendants' motion for summary judgment and four other filings. ECF Nos. 45, 46, 49-51.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket[.]" *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In the Ninth Circuit, courts weigh the competing interests affected by the proposed stay to determine whether a motion to stay should be granted. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). These competing interests include: (1) possible damage that may result from the stay, (2) hardship or inequity that may be caused by forcing the moving party to go forward, (3) whether the stay would disrupt the orderly course of justice by complicating issues; and (4) whether any questions of law would result from the granting of the stay. *Id.* A district court's decision on a motion to stay is reviewed under an abuse of discretion standard that is "somewhat less deferential" than in other contexts. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005). The court abuses its discretion if it bases its ruling on an erroneous view of the law or a clearly erroneous view of the evidence. *Id.*

Defendants have not filed a formal opposition to plaintiff's motion, so it is not clear what damage may result to them from the granting of the stay, other than the usual costs that attend delaying the resolution of a case (loss of witness memory or access to witnesses, for example). Plaintiff claims that moving the case forward will harm him because he lacks the mental stability to proceed, but defense counsel has submitted evidence that indicates that plaintiff's self-harming behaviors are a manipulative tactic to gain a favorable transfer rather than the result of true mental instability. And plaintiff's claims that defendants harass him constantly are, for the most part, mooted by plaintiff's transfer to R.J. Donovan.

In addition, plaintiff's multiple filings since his request for a stay indicate that he has some ability to litigate in his current mental state. Importantly, the case currently requires little from plaintiff – defendants' motion for summary judgment concerns a single issue (exhaustion) and has been fully briefed. The only pending deadline in the case is the discovery motions

1 | deadline, and plaintiff's numerous discovery-related motions in this case and Case No. 2:16-cv-
2 | 1985 indicate that he knows what information he seeks from defendants (if not the proper
3 | procedure for obtaining it).  Absent more concrete evidence concerning plaintiff's mental state,
4 | the court cannot conclude that plaintiff is currently incapacitated to such an extent that he cannot
5 | pursue this action.

Because the evidence before the court regarding plaintiff's mental stability is in conflict and because the case does not currently demand more than plaintiff is apparently able to handle, the court will decline to indefinitely stay the proceedings at this time.

### III. The Motion for Temporary Restraining Order

Plaintiff asks this court for an order directing prison officials to transfer him from MCSP. As noted above, plaintiff is not currently housed at MCSP but is sometimes housed in the administrative segregation unit there when necessary for an appearance in a local court.  Plaintiff alleges that unidentified staff at MCSP harass him, don't feed him, and encourage him to cut himself.  ECF No. 43 at 1.  The attached inmate appeal forms indicate that plaintiff accuses officers McTaggert, Martinez, Vann, and Lamb of encouraging him to cut himself.  *Id.* at 22.  He claims that officers Lamb, Peska, Pierce, and Vaden have told him to cut and kill himself.  *Id.* at 25.  He further claims that staff have denied him office supplies and that Officer Pierce made inappropriate sexual remarks to him.  *Id.* at 22, 26.  These officers are not defendants in the instant action.

A temporary restraining order may be issued upon a showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition."  Fed. R. Civ. P. 65(b)(1)(A); *Haw. County Green Party v. Clinton*, 980 F. Supp. 1160, 1164 (D. Haw. 1997)("The standards for granting a temporary restraining order and a preliminary injunction are identical."); *cf. Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (observing that an analysis of a preliminary injunction is "substantially identical" to an analysis of a temporary restraining order).  The purpose of the order is to preserve the status quo and to prevent irreparable harm "just so long as is necessary to

/////

hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 439 (1974).

In order to be entitled to preliminary injunctive relief, a party must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc*., 555 U.S. 7 (2008)). Plaintiff's motion does not meet this standard. It addresses conduct that is not a subject of this action, and therefore fails to demonstrate either a likelihood of success on the merits or a serious question on the merits. Generally, such allegations must be pursued through the prison administrative process and then litigated in a separate action. *See McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (per curiam) and *Rhodes v. Robinson*, 621 F.3d 1002, 1004-07 (9th Cir. 2010) (together holding that claims must be exhausted prior to the filing of the original or supplemental complaint); *Jones v. Felker*, No. CIV S-08-0096 KJM EFB P, 2011 U.S. Dist. LEXIS 13730, at *11-15, 2011 WL 533755 (E.D. Cal. Feb. 11, 2011).

The court does have some authority to intervene regarding conduct unrelated to the complaint under The All Writs Act. That Act gives federal courts the authority to issue "all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. 1651(a). The United States Supreme Court has authorized the use of the All Writs Act in appropriate circumstances against persons who, "though not parties to the original action or engaged in wrongdoing, are in a position to frustrate the implementation of a court order or the proper administration of justice." *United States v. N.Y. Tel. Co*., 434 U.S. 159 (1977). To obtain an order under the All Writs Act, the requested order must be "necessary." This language requires that the relief requested is not available through some alternative means. *Clinton v. Goldsmith*, 526 U.S. 529 (1999).

Plaintiff has not shown that he cannot obtain relief from the alleged conduct of prison staff at MCSP through the administrative appeals process and, if necessary, by challenging it in a separate lawsuit. Accordingly, a temporary restraining order is not warranted at this time. If the

5

alleged conduct persists and plaintiff finds he cannot litigate this action because of it, he may again seek relief from the court. In that event, plaintiff should describe the conduct, identify the staff involved if possible, describe the steps he has taken to resolve the issue through the administrative process, and explain to the court why an order directing CDCR not to house him at MCSP is necessary for the litigation of this action.

**IV.     Plaintiff's Discovery Motions**

Plaintiff requests defendants' "complaint records from January 2016 thru January 2017" (ECF No. 49) and "the video tape from the cameras on B-Yard at Mule Creek State Prison from March 9th 2016" (ECF No. 50).

Interrogatories, requests for production, requests for admission, responses and proofs of service thereof "shall not be filed with the clerk until there is a proceeding in which the document or proof of service is at issue. When required in a proceeding, only that part of the request and response that is in issue shall be filed." Local Rules 250.2-250.4. Plaintiff must pursue information from defendants and third parties through the procedures provided in Title V of the Federal Rules of Civil Procedure and Federal Rule of Civil Procedure Rule 45; these requests are not properly addressed to the court. If the responding parties fail to produce the information sought by plaintiff, he may file a motion to compel production of the information. (The court notes that the deadline for serving discovery requests has passed. ECF No. 38. Thus, if plaintiff has failed to seek discovery prior to that deadline (December 15, 2017), he must seek an extension of the deadline to pursue discovery now.).

**V.      Order and Recommendation**

In accordance with the above, it is HEREBY ORDERED that:

1. Plaintiff's December 4, 2017 motion for an extension of time (ECF No. 43), construed as a motion for indefinite stay, is DENIED without prejudice.
2. Plaintiff's December 21, 2017 discovery motions (ECF Nos. 49 and 50) are DENIED.
3. The Clerk of Court is directed to serve a copy of this order on plaintiff at Mule Creek State Prison, P.O. Box 409099, Ione, CA, 95640 in addition to his address of record.

/////

Further, it is RECOMMENDED that plaintiff's December 4, 2017 motion for a temporary restraining order (ECF No. 43) be denied without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 13, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE