UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN FREDERICK FORDLEY,<br><br>    Plaintiff,<br><br>    v.<br><br>JOE LIZARRAGA, et al.,<br><br>    Defendants. | No. 2:16-cv-1387-JAM-EFB P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding without counsel this action brought pursuant to 42 U.S.C. § 1983. Defendants move for summary judgment, arguing that plaintiff failed to exhaust his available administrative remedies before filing suit. ECF No. 42. For the reasons that follow, the motion must be granted.

## I.  Background

Plaintiff, who is incarcerated at R.J. Donovan Correctional Facility, filed this action on June 21, 2016, alleging Eighth Amendment claims against defendant correctional officers at Mule Creek State Prison ("MCSP"). ECF No. 1. Specifically, plaintiff alleges that defendants Ruggiero and Lagge slammed him into a wall and the ground while escorting him to a prison yard on March 9, 2016. *Id.* at 8; ECF No. 11 at 3.[1] He seeks money damages and an order that he be transferred out of MCSP, among other injunctive relief. *Id.* at 15-16.

---

[1] Plaintiff's complaint also alleged unrelated instances of excessive force; these claims were dismissed by the court's screening order as improperly joined. ECF No. 11.

1

Defendants have submitted undisputed evidence of the following facts in support of their argument that plaintiff did not exhaust his available administrative remedies:

1. On March 27, 2016, plaintiff submitted an inmate grievance (aka "602"), log no. MCSP-B-16-01015, alleging that defendants Ruggiero and Lagge had assaulted him on March 9, 2016. ECF No. 42-3, Defs.' Statement of Undisputed Facts (hereinafter "DUF") No. 2; ECF No. 42-4, Decl. of M. Voong, ¶ 4; ECF No. 42-4.
2. On April 26, 2016, a prison official forwarded the appeal directly to the second level of review, bypassing the first level of review, after classifying the appeal as a staff complaint. DUF No. 3; Voong Decl., ¶ 3; ECF No. 42-4 at 6.
3. As part of the second level review, plaintiff was interviewed concerning his allegations on May 16, 2016. DUF No. 4; ECF No. 42-4 at 10.
4. On May 17, 2016, plaintiff composed the complaint for this action, which was filed by the court on June 21, 2016. ECF No. 1 at 1, 15.
5. On June 24, 2016, plaintiff's grievance was denied at the second level of review. DUF No. 6; ECF No. 42-4 at 10-11.
6. Plaintiff submitted the grievance to the third level of review on June 27, 2016. DUF No. 7; ECF No. 42-4 at 7.
7. Plaintiff's grievance was denied at the third level of review on September 8, 2016. DUF No. 8; ECF No. 42-4 at 4-5.

## II. The Motion for Summary Judgment

### A. Summary Judgment Standards

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment avoids unnecessary trials in cases in which the parties do not dispute the facts relevant to the determination of the issues in the case, or in which there is insufficient evidence for a jury to determine those facts in favor of the nonmovant. *Crawford-El v. Britton*, 523 U.S. 574, 600 (1998); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-50 (1986); *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471-72 (9th Cir. 1994). At bottom, a summary judgment

motion asks whether the evidence presents a sufficient disagreement to require submission to a jury.

The principal purpose of Rule 56 is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Thus, the rule functions to "'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments). Procedurally, under summary judgment practice, the moving party bears the initial responsibility of presenting the basis for its motion and identifying those portions of the record, together with affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323; *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). If the moving party meets its burden with a properly supported motion, the burden then shifts to the opposing party to present specific facts that show there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 248; *Auvil v. CBS "60 Minutes"*, 67 F.3d 816, 819 (9th Cir. 1995).

A clear focus on where the burden of proof lies as to the factual issue in question is crucial to summary judgment procedures. Depending on which party bears that burden, the party seeking summary judgment does not necessarily need to submit any evidence of its own. When the opposing party would have the burden of proof on a dispositive issue at trial, the moving party need not produce evidence which negates the opponent's claim. *See, e.g., Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 885 (1990). Rather, the moving party need only point to matters which demonstrate the absence of a genuine material factual issue. *See Celotex*, 477 U.S. at 323-24 ("[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'"). Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *See id*. at 322. In such a circumstance, summary judgment must be granted, "so long as whatever is before the district

court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." *Id*. at 323.

To defeat summary judgment the opposing party must establish a genuine dispute as to a material issue of fact. This entails two requirements. First, the dispute must be over a fact(s) that is material, i.e., one that makes a difference in the outcome of the case. *Anderson*, 477 U.S. at 248 ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."). Whether a factual dispute is material is determined by the substantive law applicable for the claim in question. *Id*. If the opposing party is unable to produce evidence sufficient to establish a required element of its claim that party fails in opposing summary judgment. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322.

Second, the dispute must be genuine. In determining whether a factual dispute is genuine the court must again focus on which party bears the burden of proof on the factual issue in question. Where the party opposing summary judgment would bear the burden of proof at trial on the factual issue in dispute, that party must produce evidence sufficient to support its factual claim. Conclusory allegations, unsupported by evidence are insufficient to defeat the motion. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Rather, the opposing party must, by affidavit or as otherwise provided by Rule 56, designate specific facts that show there is a genuine issue for trial. *Anderson*, 477 U.S. at 249; *Devereaux*, 263 F.3d at 1076. More significantly, to demonstrate a genuine factual dispute, the evidence relied on by the opposing party must be such that a fair-minded jury "could return a verdict for [him] on the evidence presented." *Anderson*, 477 U.S. at 248, 252. Absent any such evidence there simply is no reason for trial.

The court does not determine witness credibility. It believes the opposing party's evidence, and draws inferences most favorably for the opposing party. *See id*. at 249, 255; *Matsushita*, 475 U.S. at 587. Inferences, however, are not drawn out of "thin air," and the proponent must adduce evidence of a factual predicate from which to draw inferences. *Am. Int'l Group, Inc. v. Am. Int'l Bank*, 926 F.2d 829, 836 (9th Cir. 1991) (Kozinski, J., dissenting) (citing

4

*Celotex*, 477 U.S. at 322). If reasonable minds could differ on material facts at issue, summary judgment is inappropriate. *See Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995). On the other hand, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (citation omitted). In that case, the court must grant summary judgment.

Concurrent with the motion for summary judgment, defendant advised plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. ECF No. 42-1; *see Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012); *Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), cert. denied, 527 U.S. 1035 (1999); *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988).

### B. The PLRA's Exhaustion Requirement

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions [under section 1983 of this title] until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "Prison conditions" subject to the exhaustion requirement have been defined broadly as "the effects of actions by government officials on the lives of persons confined in prison . . . ." 18 U.S.C. § 3626(g)(2); *Smith v. Zachary*, 255 F.3d 446, 449 (7th Cir. 2001); *see also Lawrence v. Goord*, 304 F.3d 198, 200 (2d Cir. 2002). To satisfy the exhaustion requirement, a grievance must alert prison officials to the claims the plaintiff has included in the complaint, but need only provide the level of detail required by the grievance system itself. *Jones v. Bock*, 549 U.S. 199, 218-19 (2007); *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002) (the purpose of the exhaustion requirement is to give officials the "time and opportunity to address complaints internally before allowing the initiation of a federal case").

Prisoners who file grievances must use a form provided by the California Department of Corrections and Rehabilitation (CDCR Form 602), which instructs the inmate to describe the problem and outline the action requested. Title 15 of the California Code of Regulations,

§ 3084.2 provides further instructions, which include the direction to "list all staff member(s) involved" and "describe their involvement." Cal. Code Regs. tit. 15, § 3084.2(a)(3). If the prisoner does not know the staff member's name, first initial, title or position, he must provide "any other available information that would assist the appeals coordinator in making a reasonable attempt to identify the staff member(s) in question." *Id.*

The grievance process, as defined by the regulations, has three levels of review to address an inmate's claims, subject to certain exceptions. *See* Cal. Code Regs. tit. 15, § 3084.7. Administrative procedures generally are exhausted once a plaintiff has received a "Director's Level Decision," or third level review, with respect to his issues or claims. *Id*. § 3084.1(b).

Proper exhaustion of available remedies is mandatory, *Booth v. Churner*, 532 U.S. 731, 741 (2001), and "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules[.]" *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). For a remedy to be "available," there must be the "possibility of some relief . . . ." *Booth*, 532 U.S. at 738. Relying on *Booth*, the Ninth Circuit has held:

> [A] prisoner need not press on to exhaust further levels of review once he has received all "available" remedies at an intermediate level of review or has been reliably informed by an administrator that no remedies are available.

*Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005).

Failure to exhaust is "an affirmative defense the defendant must plead and prove." *Jones*, 549 U.S. at 216 (2007). To bear this burden:

> [A] defendant must demonstrate that pertinent relief remained available, whether at unexhausted levels of the grievance process or through awaiting the results of the relief already granted as a result of that process. Relevant evidence in so demonstrating would include statutes, regulations, and other official directives that explain the scope of the administrative review process; documentary or testimonial evidence from prison officials who administer the review process; and information provided to the prisoner concerning the operation of the grievance procedure in this case . . . . With regard to the latter category of evidence, information provided [to] the prisoner is pertinent because it informs our determination of whether relief was, as a practical matter, "available."

*Brown*, 422 F.3d at 936-37 (citations omitted). Once a defendant shows that the plaintiff did not exhaust available administrative remedies, the burden shifts to the plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and

6

generally available administrative remedies effectively unavailable to him." *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014) (en banc).

A defendant may move for dismissal under Federal Rule of Civil Procedure 12(b)(6) in the extremely rare event that the plaintiff's failure to exhaust administrative remedies is clear on the face of the complaint. *Id.* at 1166. "Otherwise, defendants must produce evidence proving failure to exhaust" in a summary judgment motion brought under Rule 56. *Id.* If the court concludes that plaintiff has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. *Wyatt v. Terhune*, 315 F.3d 1108, 1120, *overruled on other grounds by Albino*, 747 F.3d 1162.

### C. Analysis

The undisputed evidence submitted by defendants shows that plaintiff did not exhaust his administrative grievance through the third and final level before he filed this case. By doing so, they have shifted the burden to plaintiff to show "that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Albino*, 747 F.3d at 1172.

First, plaintiff contends that defendants have raised their exhaustion argument in other cases and it has been rejected by three different federal judges but provides no case numbers or other evidence in support of this assertion. Examination of the federal court system's PACER database fails to provide any support for it. That search revealed four cases in which John Fordley is plaintiff: (1) Case No. 4:15-cv-03108-DMR, which was dismissed as moot on June 7, 2016 and contains nothing regarding exhaustion; (2) Case No. 3:14-cv-00518-DMS-DHB, a habeas petition dismissed on August 18, 2014 for failure to allege exhaustion of state court remedies (an issue unrelated to exhaustion of administrative remedies in a civil rights action such as this one); (3) Case No. 2:16-cv-01985-MCE-EFB, in which a motion for summary judgment alleging failure to exhaust administrative remedies is currently pending and has not been evaluated by the court; and (4) this action. The PACER database contained no case, much less three cases, in which a defendant's argument that plaintiff had not exhausted administrative remedies was rejected by the court.

Plaintiff next argues that he "was never given proper access to the appeals office." ECF No. 45 at 1. He claims that he was denied access for "almost 2 months." *Id.* at 2. The court construes this as an argument that the grievance system was effectively unavailable to plaintiff because the appeals office did not timely review his grievance.

The Ninth Circuit has not held that a prison's failure to adhere to administrative time constraints in responding to an inmate grievance renders the grievance system per se unavailable. But it has noted that prison officials may not "exploit the exhaustion requirement through indefinite delay in responding to grievances." *Brown v. Valoff*, 422 F.3d 926, 953 n.18 (9th Cir. 2005). "Delay in responding to a grievance, particularly a time-sensitive one, may demonstrate that no administrative process is in fact available." *Id.*

District courts in the Ninth Circuit have tended to follow the analysis in *Womack v. Bakewell*, No. CIV S-09-1431 GEB KJM P, 2010 U.S. Dist. LEXIS 93346, at *10-14 (E.D. Cal. Sept. 8, 2010) when a plaintiff claims that delay in processing his grievance rendered the administrative remedy unavailable. This analysis focuses on the specific details of each case and, in particular, whether some avenue for administrative relief remained open to the plaintiff despite the delay. *Morales v. Sherwood*, No. 1:13-cv-01582-DAD-EPG-PC, 2016 U.S. Dist. LEXIS 80665, at *18-19 (E.D. Cal. June 20, 2016); *Rupe v. Beard*, No. CV-08-2454-EFS (PC), 2013 U.S. Dist. LEXIS 80041, at *42-48 (E.D. Cal. June 3, 2013).

Notably, a de minimis delay does not render the administrative remedy unavailable. *Rupe*, 2013 U.S. Dist. LEXIS 80041, at *47. "An inmate who files suit a mere one or two days after an appeal-response deadline has passed has probably not demonstrated that administrative remedies are effectively unavailable[.]" *Id.* Rather, delay will excuse a failure to exhaust where the inmate has waited a reasonable period of time and has received no response or explanation for the delay. *Id.*

Section 3084.8(c) of title 15 of the California Code of Regulations provides the relevant time limits here. Under that section, the first level reviewer must respond to a grievance within 30 working days of receipt; the second level reviewer must also respond within 30 working days; and the third level reviewer must respond within 60 working days. Here plaintiff submitted the

grievance to the first level reviewer on March 27, 2016. That reviewer forwarded the appeal to the second level of review (after it was categorized as a staff complaint) on April 26, 2016 – 21 working days after receipt. The second level reviewer responded on June 24, 2016 – 42 working days from receipt and 12 days outside the regulation's time limit. However, on June 14, 2016 – just 4 days outside the 30-day time limit – plaintiff was provided a notice informing him that review of his appeal was being delayed and informed him that he would receive the response on June 24th. ECF No. 42-4 at 14. Plaintiff had already prepared the complaint in this action nearly a month earlier, however – it is dated May 17, 2016. ECF No. 1 at 15. On that date, only 15 working days had elapsed since the grievance was forwarded to the second level reviewer. It is unclear when plaintiff mailed the complaint to the court; it was scanned into the court's electronic docketing system on June 20, 2016 and bears a file-stamp of June 21, 2016 – 38 and 39 working days after the appeal was received at the second level and only 4 or 5 days from when plaintiff was provided notice that the review was delayed. ECF No. 1 at 1.

Whether a grievance system is effectively unavailable is determined at the time the claims are first asserted. *Rupe*, 2013 U.S. Dist. LEXIS 80041, at *44-45. At the time that plaintiff prepared his complaint, his grievance had not been delayed at all. At the time it was formally filed by the court, the delay was a de minimis 5 days. And, all told, the delay until plaintiff received a response was only 12 days and plaintiff received notice of the delay. In these circumstances, the court cannot find that the delay in processing plaintiff's grievance rendered his administrative remedy unavailable.[2]

Lastly, plaintiff argues that the appeals office denies "95 percent" of inmate grievances. ECF No. 45 at 1. Plaintiff has provided no evidence supporting this figure or any evidence that there was a policy or practice in place to deny the vast majority of inmate grievances without

/////

/////

---

[2] Plaintiff submitted the grievance to the third level of review on June 27, 2016 and received the response 51 working days later, on September 8, 2016. This response was timely under § 3084.8(c)(3).

9

regard to their merits. Because he has provided no support for his claim, plaintiff has not discharged his burden of showing that the administrative remedy was effectively unavailable to him.³

In sum, defendants have submitted evidence that plaintiff filed this action before he completed exhaustion of his available administrative remedy. Plaintiff has not rebutted that evidence. Accordingly, the motion for summary judgment must be granted.

### III. Conclusion and Recommendation

In accordance with the above, it is HEREBY RECOMMENDED that defendants' November 7, 2017 motion for summary judgment (ECF No. 42) be GRANTED and the case be dismissed without prejudice for failure to exhaust administrative remedies.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 3, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

³ On January 19, 2018, plaintiff submitted a sur-reply to defendants' reply. ECF No. 54. The court notes that such a filing is not contemplated by this court's local rules nor the Federal Rules of Civil Procedure. Nonetheless, the court reviewed the filing and finds it does not alter the analysis above. In the sur-reply, plaintiff argues that he filed a grievance regarding the conduct at issue in this case in March but that prison officials failed to respond until May. As noted above, the undisputed evidence submitted by defendants show that plaintiff's grievance concerning defendants' conduct was submitted on March 27, 2016 and sent to the second level on April 26, 2016. ECF No. 42-4 at 6-7. While plaintiff claims that the grievance should have been processed more quickly as an emergency appeal, the grievance did not contain claims that qualified it as such. *See* Cal. Code Regs. tit. 15, § 3084.9(a). Contrary to plaintiff's assertions in the sur-reply, the grievance did not allege any sexual assault against defendants.

10