1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JOHN FREDERICK FORDLEY,                  No.  2:16-cv-1387-JAM-EFB P

12                   Plaintiff,

13          v.                                FINDINGS AND RECOMMENDATIONS

14   JOE LIZARRAGA, et al.,

15                   Defendants.

16

17          Plaintiff is a state prisoner proceeding without counsel this action brought pursuant to 42

18   U.S.C. § 1983.  He has filed a motion requesting a temporary restraining order.  ECF No. 65.

19   **I.     Background**

20          Plaintiff, who is currently house at California Substance Abuse Treatment Facility, filed

21   this action on August 22, 2016, alleging Eighth Amendment claims against defendant correctional

22   officers at Mule Creek State Prison ("MCSP").  ECF No. 1.  He seeks money damages and an

23   order that he be transferred out of MCSP, among other injunctive relief.  *Id.* at 15-16.

24   **II.    The Motion for Temporary Restraining Order**

25          Plaintiff asks this court for an order directing prison officials to transfer him from MCSP

26   and to house him elsewhere during periods when he must appear in Amador County Superior

27   Court.  As noted above, plaintiff is not currently permanently housed at MCSP but is sometimes

28   housed there in the administrative segregation unit when necessary for a local court appearance.

This is the second motion for temporary restraining order that plaintiff has filed. In the first, plaintiff alleged that both identified and unidentified staff at MCSP harassed him, refused to feed him, encouraged him to cut himself, denied him office supplies, and made inappropriate sexual remarks to him. ECF Nos. 32, 33.

In denying the earlier motion without prejudice, the court informed plaintiff that, if he wished to file another motion for preliminary injunctive relief, that he should "describe the conduct, identify the staff involved if possible, describe the steps he has taken to resolve the issue through the administrative process, and explain to the court why an order directing CDCR not to house him at MCSP is necessary for the litigation of this action." ECF No. 58 at 6 (magistrate judge's findings and recommendations, adopted by ECF No. 67). Like the earlier motion, the instant motion fails to provide that information. Plaintiff again alleges various misdeeds by unidentified correctional officers (who deny him paper and envelopes to write home, medical supplies, photocopies, and a toothbrush; harass him daily; ignore his medical complaints; and encourage him to cut himself). ECF No. 65. Plaintiff identifies only two correctional staffers by name – (1) an officer Pierce, who is not a defendant in this action but who has allegedly left a razor in plaintiff's cell and told plaintiff to cut himself and (2) defendant Lizarraga, who has "pulled" plaintiff's "endorsement" for R.J. Donovan to keep plaintiff at MCSP.

In his reply, plaintiff raises new allegations against defendant Lizarraga (that he placed plaintiff on C Yard at MCSP to harass him because some defendants in plaintiff's other lawsuits work there and plaintiff cannot access the showers) and against more unidentified MCSP staff (that they have ignored the injuries plaintiff sustained in two assaults). ECF No. 74.

Neither the moving papers nor the reply brief establish any basis for granting preliminary injunctive relief. A temporary restraining order may be issued upon a showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A); *Haw. County Green Party v. Clinton*, 980 F. Supp. 1160, 1164 (D. Haw. 1997)("The standards for granting a temporary restraining order and a preliminary injunction are identical."); *cf. Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (observing that an analysis of a preliminary injunction is

"substantially identical" to an analysis of a temporary restraining order). The purpose of the order is to preserve the status quo and to prevent irreparable harm "just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 439 (1974).

To be entitled to preliminary injunctive relief, a party must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc*., 555 U.S. 7 (2008)). Plaintiff's motion does not meet this standard. It addresses conduct that is not a subject of this action, and therefore fails to demonstrate either a likelihood of success on the merits or a serious question on the merits. Generally, such allegations must be pursued through the prison administrative process and then litigated in a separate action. *See McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (per curiam) and *Rhodes v. Robinson*, 621 F.3d 1002, 1004-07 (9th Cir. 2010) (together holding that claims must be exhausted prior to the filing of the original or supplemental complaint); *Jones v. Felker*, No. CIV S-08-0096 KJM EFB P, 2011 U.S. Dist. LEXIS 13730, at *11-15, 2011 WL 533755 (E.D. Cal. Feb. 11, 2011).

Nonetheless, where circumstances warrant, the court does have some authority to intervene regarding conduct unrelated to the complaint under The All Writs Act. That Act gives federal courts the authority to issue "all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. 1651(a). The United States Supreme Court has authorized the use of the All Writs Act in appropriate circumstances against persons who, "though not parties to the original action or engaged in wrongdoing, are in a position to frustrate the implementation of a court order or the proper administration of justice." *United States v. N.Y. Tel. Co.*, 434 U.S. 159 (1977). To obtain an order under the All Writs Act, the requested order must be "necessary." This language requires that the relief requested is not available through some alternative means. *Clinton v. Goldsmith*, 526 U.S. 529 (1999). But here, plaintiff's motion does not show that the order he seeks is "necessary," as the All Writs Act

requires. The most recent findings and recommendations were sent to plaintiff at both RJ Donovan and MCSP and the mail sent to MCSP was returned to the court. (*See* Docket Notation of June 18, 2018.) On July 12, 2018, plaintiff filed a Notice of Change of Address to California Substance Abuse Treatment Facility. It thus appears that plaintiff is no longer at MCSP. No party has informed the court whether plaintiff's case in Amador County has been resolved or whether plaintiff may be returned to MCSP for future hearings.

Additionally, plaintiff's motion shows that he successfully grieved an erroneous denial of medical supplies. ECF No. 65 at 29-30. Defendants' opposition to the motion includes a declaration from the litigation coordinator at MCSP, who directed staff to ask plaintiff if he had any concerns regarding his medical supplies. ECF No. 70-1 at 2 (Decl. of J. Austin, ¶ 2). Correctional Officer Schopf did so, and plaintiff reported that his only concern was that he would soon be out of "wipes." *Id.* at 4. Schopf contacted the facility's Correctional Sergeant, who "made sure that the medical staff in C clinic would issue [plaintiff] some more before he ran out." *Id.*

Plaintiff has not complied with the court's prior instructions that he make some effort to identify the staff involved, inform the court of the administrative steps he has taken to resolve the issues, and explain why the requested injunction is necessary for plaintiff to continue to litigate this action. This action is a forum for resolving the claims raised in the complaint, not for addressing plaintiff's many grievances about his treatment at MCSP; plaintiff may not use this case as a vehicle to obtain injunctive relief for injuries not alleged in the complaint. Nor has plaintiff made the requisite showing of necessity to obtain the requested order under the All Writs Act. He has not demonstrated that he cannot obtain relief from the alleged conduct of prison staff at MCSP through the administrative appeals process and, if necessary, by challenging it in a separate lawsuit. Nor has he shown that he cannot litigate this action without the requested order. Indeed, it appears he obtained at least some redress through the administrative appeals process and that he is not currently housed at MCSP in any event. Accordingly, the order plaintiff seeks is not warranted at this time.

/////

If plaintiff is returned to MCSP, the alleged conduct persists, and plaintiff finds he cannot litigate this action because of it, he may again seek relief from the court. In that event, plaintiff must again describe the conduct, identify the staff involved to the extent possible, describe the steps he has taken to resolve the issue through the administrative process, and explain to the court why an order directing CDCR not to house him at MCSP is necessary for the litigation of this action.

**III.    Recommendation**

Accordingly, it is RECOMMENDED that plaintiff's April 20, 2018 motion for a temporary restraining order (ECF No. 65) be denied without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  August 24, 2018

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE